# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

CASE NO. 23-12616
_____

RICHARD BURT,

*Plaintiff/Appellant*,

v.

President of the University of Florida; DAVID E. RICHARDSON, individually; MARY WATT, individually; and SIDNEY DOBRIN, individually,

*Defendants/Appellees*.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
HONORABLE MARK E. WALKER
(1:22-cv-000751-MW)
_____

## APPELLANT'S PETITION FOR PANEL REHEARING
## AND REHEARING *EN BANC*
_____

Richard E. Johnson
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 425-1997
rick@rej-law.com

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant/Plaintiff Richard Burt, pursuant to FRAP 26.1 and 11th Cir. R. 26.1-1, 26.1-2 and 26.1-3, hereby files his Certificate of Interested Persons and Corporate Disclosure Statement:

1. Alexander Degance Barnett P.A., Defense Counsel
2. Michelle Bedoya Barnett, Defense Counsel
3. Samantha Giudici Berdecia, Defense Counsel
4. Hope T. Cannon, Magistrate Judge
5. Richard Burt, Plaintiff
6. Sidney Dobrin, Defendant
7. W. Kent Fuchs, Defendant
8. Richard E. Johnson, Plaintiff's Counsel
9. Law Office of Richard E. Johnson, Plaintiff's Counsel
10. David Richardson, Defendant
11. University of Florida
12. Mark E. Walker, District Judge
13. Mary Watt, Defendant

There are no publicly traded corporations involved in this case.

# APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC

## Questions Presented for Rehearing En Banc

1. Whether this Court's rule in *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442 (11th Cir. 1986), which treats an out-of-time notice of appeal as a "nullity" and dismisses for lack of jurisdiction, remains valid after the Supreme Court's decision in *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017), holding that only Congress may impose jurisdictional deadlines for filing a notice of appeal.

2. Whether *Schuurman*'s "deemed final" rule, which advances the date of final judgment beyond what Congress has provided in 28 U.S.C. § 2107 and the Federal Rules of Civil Procedure and of Appellate Procedure, conflicts with the Supreme Court's decision in *Jung v. K & D Mining Co.*, 356 U.S. 335 (1958), the 2002 amendments to Federal Rule of Civil Procedure 58, the 2002 amendments to Rule 4 of the Federal Rules of Appellate Procedure, and the majority approach of other circuits.

3. Whether dismissing an appeal based on *Schuurman*'s judge-made timing rule is inconsistent with the Supreme Court's recent decision in *Parrish v. United States*, 601 U.S. ___, 145 S. Ct. 1664 (2025), which reaffirms the principle

that notices of appeal should be construed in a forgiving, relation-forward or backward manner to avoid jurisdictional "gotchas."

**Grounds for Panel Rehearing**

The panel's opinion, *Burt v. President of University of Florida*, --- F.4th ----, 2025 WL 2406455 (11th Cir. 2025), resolved only the jurisdictional issue. Yet in doing so, it recited certain facts and framed aspects of the underlying case in ways that materially understate both the severity of the university's actions and the controlling legal context.

**A. Clarifications Regarding the Panel's Statement of Facts**

The panel opinion faults Burt for missing a meeting at which remote teaching was discussed, but does not mention that the meeting was so inconclusive that the chairman disallowed publication of the minutes because the situation on remote teaching was evolving so quickly. The panel minimizes as "some back and forth" an exchange from which a reasonable reader would conclude that remote teaching was an allowable option. The panel opinion limits discussion of the university's pre-determination action against Burt as "reassigning Burt's courses to another professor and placing him on paid administrative leave pending investigation." This omits forcing Burt to submit to an involuntary mental examination, barring him from setting foot on campus for any purpose, and forbidding him from communication

with and student or employee of UF, including those he might need for confirmation of facts, affidavits, or documents to use in his upcoming defense against the charges. The panel notes that UF determined that Burt committed three violations, with no mention of the fact that he was notified of only one and permitted to defend in writing against only that one. The panel omits that two key facts on which UF relied for its finding of guilt were indisputably factual errors. In short, certain fringe facts portraying Burt as an eccentric became central to the court's narrative while the central facts were trivialized or ignored.

**B. Clarifications Regarding the Panel's Discussion of Exhaustion**

The panel breezes over Burt's due process claim as though it were obviously invalid, citing *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014), as dispositive on the alleged failure to pursue state remedies before suing in federal court. The trial court had ruled that Burt could have sought a writ of mandamus in a Florida District Court of Appeal to compel due process as a precondition to a federal suit. But Burt pointed out in his Initial Brief that SCOTUS was then considering what became an important decision in *Williams v. Reed*, 604 U.S. ----, 145 S. Ct. 465 (2025). There the Court held, as Burt had argued, that mandamus was not an appropriate remedy, and that even if it were, "the supposed availability of mandamus is simply another way of saying that the claimant must go through the

process provided by the State before suing under § 1983 to challenge delays in the state process." SCOTUS had also decided that long ago in *Patsy v. Board of Regents*, 457 U.S. 496 (1982).

These clarifications matter, even at the jurisdictional stage, because they ensure the record is not misconstrued in ways that may color future consideration of the merits.

Having clarified these factual and legal misapprehensions, Appellant turns to the central jurisdictional issue. Even accepting the panel's factual summary, the dismissal of this appeal rests on *Schuurman*, a precedent irreconcilable with subsequent Supreme Court authority. Because this panel considers itself bound by *Schuurman*, the issue is properly reserved for *en banc* reconsideration.

**Grounds for Rehearing *En Banc***

**Summary of Argument**

*En banc* review is warranted because this case squarely presents the conflict between this Court's precedent in *Schuurman* and the Supreme Court's modern framework governing appellate jurisdiction. Under *Hamer*, only Congress may impose jurisdictional deadlines for filing a notice of appeal. *Schuurman*, by contrast, converts a judge-made rule into a jurisdictional bar, contrary to *Hamer*, *Jung*, the

4

2002 amendments to Rule 58 and Appellate Rule 4, and the Supreme Court's recent reaffirmation of "anti-gotcha" principles in *Parrish*. Because this Court's rule both conflicts with binding Supreme Court authority and isolates the Eleventh Circuit from its sister circuits, *en banc* review is necessary to bring the Circuit's jurisprudence into alignment with controlling law.

**Argument**

1. *Schuurman*'s jurisdictional holding cannot be reconciled with *Hamer*.

    - *Hamer* makes clear that only Congress can impose jurisdictional limits on appellate deadlines.
    - *Schuurman* enforced a judge-made timing rule as jurisdictional, precisely what *Hamer* forbids.

> In *Bowles v. Russell,* 551 U.S. 205, 210–213, 127S.Ct. 2360, 168 L.Ed.2d 96 (2007), this Court clarified that an appeal filing deadline prescribed by statute will be regarded as "jurisdictional," meaning that late filing of the appeal notice necessitates dismissal of the appeal. But a time limit prescribed only in a court-made rule, *Bowles* acknowledged, is not jurisdictional; it is, instead, a mandatory claim-processing rule subject to forfeiture if not properly raised by the appellee. *Ibid.*; *Kontrick v. Ryan,* 540 U.S.443, 456, 124 S. Ct. 906, 157 L.Ed.2d 867 (2004). Because the Court of Appeals held jurisdictional a time limit specified in a rule, not in a statute, 835 F.3d 761, 763 (C.A.7 2016), we vacate that court's judgment dismissing the appeal.

*Hamer*, 583 U.S. at 18-19. In briefing, Appellant cited *Hamer* as dispositive, but it made no appearance in the panel opinion.

5

2. *Schuurman* conflicts with Supreme Court precedent in *Jung* and the 2002 Rule 58 and Appellate Rule 4 amendments. In addition to setting a limitations period of 150 days on a case with no formal judgment, those rules require a judgment on a separate document. The 150 days addition cures the exact omission that spurred *Schuurman*. Accordingly, the *Schuurman* rule is, at best, obsolete and should be abandoned *en banc*.
    - *Jung* held that a notice of appeal, filed before final judgment, ripens once judgment is entered.
    - The 2002 amendments to Rule 58 and Appellate Rule 4 reinforced that parties should not be trapped by timing ambiguities.
    - *Schuurman* contradicts both.
3. *Schuurman* isolates the Eleventh Circuit from its sister circuits.
    - Most circuits reject the *Schuurman* approach, treating similar notices of appeal as effective.
    - The Eleventh Circuit is an outlier. The panel opinion does a good job of collecting the circuit cases in a long string cite at *Burt*, 2025 WL 2406455, at n.3. It is incorporated by reference here.
4. *Schuurman* is inconsistent with *Parrish v. United States*, 601 U.S. ___, 145 S. Ct. 1664 (2025).

- *Parrish* reaffirmed a forgiving construction of notices of appeal.
- Dismissing under *Schuurman* creates the type of jurisdictional trap *Parrish* condemned.

## Conclusion

For the foregoing reasons, Appellant respectfully requests (1) panel rehearing to correct factual misapprehensions in the opinion and (2) rehearing *en banc* to reconsider and overrule *Schuurman*, bringing this Court's jurisprudence into alignment with controlling Supreme Court authority, the civil and appellate rules, and the majority view of the circuits.

## CERTIFICATE OF COUNSEL

Pursuant to Fed. R. App. P. 35(b)(1) and 40(a)(2), I certify that this petition for panel rehearing and rehearing *en banc* is based on a point of exceptional importance: whether this Court's precedent in *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442 (11th Cir. 1986), which deems a questionable notice of appeal a "nullity," survives in light of *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017), and subsequent Supreme Court decisions. The panel decision conflicts with these Supreme Court authorities, and *en banc review* is necessary to secure and maintain uniformity of this Court's decisions.

Respectfully submitted,
  /s/ Richard E. Johnson

Richard E. Johnson
Florida Bar No. 858323
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, FL 32301
Telephone: (850) 425-1997
Facsimile: (850) 561-0836
rick@rej-law.com

Attorney for Plaintiff/Appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the type-volume limitation specified in Rule 32(a)(7)(B) in that it contains 1445 words in the pertinent sections of the response. The typeface is fourteen-point Times New Roman, which complies with FRAP 32(a)(5) and (6).

  */s/ Richard E. Johnson*
Richard E. Johnson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via the Court's system and U.S. Mail to the attorneys of record this 3d day of September, 2025.

  */s/ Richard E. Johnson*
Richard E. Johnson